THE PEOPLE *ex rel.* A. E. Woods, County Collector, Appellee, *vs.* D. D. BABER, Appellant.

*Opinion filed December 21, 1911.*

1. DRAINAGE—*commissioners have no power to change classification, after hearing, without giving notice.* After the classification of lands in a farm drainage district is corrected upon the hearing of objections and confirmed as corrected, the commissioners have no power, without giving the land owners notice, to make any change in the classification.

2. SAME—*effect of an illegal attempt to change classification.* An attempt by farm drainage commissioners, without giving notice to the land owners, to change the classification after it has been corrected upon the hearing of objections and confirmed as corrected is void, and has no effect upon the classification as confirmed nor upon the taxes levied on the basis fixed thereby.

3. SAME—*when change of classification cannot be sustained as being a correction of clerical error.* A change by farm drainage commissioners in the classification as confirmed after correction on the hearing of objections cannot be sustained upon the ground that the clerk made a mistake in writing up the roll and that the change was made to conform to the original classification agreed upon, where there is no written evidence in the record to corroborate such claim but only the sworn statements of commissioners.

4. SAME—*classification as confirmed must stand until modified upon due notice.* The classification of lands as confirmed on the hearing of objections must stand as the basis for all future assessments until it has been changed or modified after due notice given as provided by law, and no illegal attempt of the commissioners to reduce the classification as to certain lands can change the legal assessment against such lands nor relieve the authorities of the duty of collecting it.

APPEAL from the County Court of Edgar county; the Hon. DAN V. DAYTON, Judge, presiding.

FRANK T. O'HAIR, for appellant.

R. S. DYAS, State's Attorney, (SHEPHERD & TROGDON, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from a judgment of the county court of Edgar county, rendered against appellant for a delinquent drainage tax levied by the commissioners of Drainage District No. 3 of the town of Kansas, in said county. To the application of the collector appellant filed a number of objections, all of which are intended to raise the same question.

The facts necessary to an understanding of the point at issue are as follows: The drainage district was regularly organized under the statute providing for a combined system of farm drainage. The commissioners made a classification of the lands of the district as required by the statute and fixed upon February 5, 1910, as the time for hearing objections to the classification, and in pursuance of notice appellant and other land owners appeared at the time and place of the said meeting and interposed objections to the classification of different tracts of land. After hearing objections the classification was corrected and affirmed. The classification as approved by the commissioners classified the lands of appellant on the graduated scale at 55. Appellant was dissatisfied and appealed from the classification, which

252—28

appeal was afterwards dismissed upon a stipulation of the parties. The assessment roll as confirmed also showed that certain lands belonging to Joseph Sallee were classified at 30, another tract at 50, another tract at 60 and a fourth tract at 30, and that a tract of land belonging to Sarah A. Oar was classified on the graduated scale at 50. On the basis of this classification the tax in question was extended. On the 13th day of February, 1911, the commissioners held another meeting in said district and changed the classification of the lands belonging to Joseph Sallee and Sarah Oar, by which changes the classification of said lands was substantially reduced on the roll. There was no notice given of the meeting at which said changes were made and none of the land owners were present. The effect in changing the classification on the Sallee and Oar lands was to reduce the amount of their assessment substantially one-half.

The appellant's objections presented the question to the county court whether the changing of the classification of the Sallee and Oar lands rendered the classification and assessment void. The county court held that it did not have such effect and rendered judgment against appellant's land for $302.28, from which this appeal is prosecuted.

The reason alleged by the commissioners for changing the classification of the Sallee and Oar lands is that a mistake was made in writing up the original assessment roll. This alleged mistake, it is contended, was made by the clerk, and it is the claim of the commissioners that the classification to which the Sallee and Oar lands were reduced was the original classification agreed upon; but there is no written evidence in the record to corroborate this claim and it rests entirely upon the sworn statements of the commissioners. The statute does not confer upon the commissioners of the drainage district the power to change or modify an original classification for assessment purposes without giving notice. The land owners of the district are entitled to a hearing before a classification is made, which is to

form the basis of future assessments of taxes. When a meeting is held, upon notice, for the purpose of hearing objections and results in the confirmation of an assessment roll, every land owner has a right to assume that such assessment roll will remain as the basis of all levies thereafter to be made, until notice is given of an intention to correct, modify or re-classify the lands. It would be a dangerous power to confer upon commissioners the right to secretly meet and re-adjust and change a classification without giving any notice to the persons who are interested in their action. We are of the opinion that the order of the drainage commissioners of February 13, 1911, purporting to change the classification of the Sallee and Oar lands was utterly void for the want of power in the commissioners to thus change the assessment roll without notice and an opportunity of a hearing to the land owners of the district. In *People* v. *Cole*, 128 Ill. 158, this court held that the action of drainage commissioners in entering credits against certain drainage taxes after the same had been levied was illegal and void, on the ground that the drainage commissioners had no power to release lands within the district from any portion of the assessment based on the last classification. Changing the classification in the case at bar was, in effect, reducing the amount of taxes that had already been levied against the Sallee and Oar lands and were at that time a lien against the same. But we are also of the opinion that the action of the commissioners in attempting to change the classification of the Sallee and Oar lands had no effect either upon the assessment then standing against the Sallee and Oar lands or upon any other lands in the district. The action of the drainage commissioners in this regard being void, the result is that the Sallee and Oar lands are still liable for the taxes levied against them on the basis of the only legal assessment roll that has ever been made. All future assessments should be made upon

the basis of the original assessment roll until that roll is changed or modified upon due notice given as provided by law. Appellant's objections were therefore properly overruled. The illegal attempt of the drainage commissioners to permit some other land owner to escape the payment of his taxes affords no reason why the appellant should be relieved from the payment of taxes legally assessed upon his land. If the authorities charged with the duty of extending and collecting taxes against the Sallee and Oar lands neglect or refuse to perform their duty, the law will afford a remedy to compel the performance of such duty.

The judgment of the county court of Edgar county is affirmed.

*Judgment affirmed.*